IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JERRIDENE MOORE,

      Plaintiff,

v.                               1:13-cv-301-WSD

UNITED STATES OF AMERICA;
and BROOKS RANGE
CONTRACT SERVICES, INC.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on the Government's Motion for Judgment on the Pleadings (the "Motion") [13].

## I.    BACKGROUND

### A.    <u>Procedural History</u>

On January 29, 2013, Plaintiff Jerridene Moore ("Plaintiff") filed her Complaint against Defendants Brooks Range Contract Services, Inc., ("Brooks Range") and the United States of America (the "United States" or the "Government"), alleging that the United States owns the Sam Nunn Federal Building (the "Federal Building"), that it negligently monitored the safety of the

property, and that it negligently supervised maintenance contractor Brooks Range. Plaintiff contends that the Defendant United States' and Brooks Range's negligence caused her to fall down steps in the lobby area of the Federal Building and proximately caused her injuries resulting from the fall.  She alleges that the United States and Brooks Range are liable to Plaintiff for her injuries.  She asserts her claim against the United States under the Federal Tort Claims Act.

On July 8, 2013, the United States filed its Motion for Judgment on the Pleadings [13], on the ground that the United States has sovereign immunity, which deprives the Court of subject matter jurisdiction over Plaintiff's claims against it.

Although styled a motion for "judgment on the pleadings," the Government's Motion asserts that the Court lacks subject matter jurisdiction over the United States under the FTCA.  The Court thus considers the Motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

B.     Plaintiff's Allegations

On February 10, 2011, Plaintiff was in the Federal Building.  (Compl. [1] ¶ 12.)  She was on the building's second floor, standing on a landing above the lobby area.  (Id.)  Fourteen (14) stairs below this landing was an intermediate landing,

then another set of 21 stairs from the intermediate landing to the lobby floor.  (Id. ¶ 13.)

Plaintiff alleges that she slipped on a wet substance and a negligently placed mat, which caused her to fall to the intermediate landing.  (Id. ¶ 14.)  Plaintiff was treated at the Atlanta Medical Center for injuries she claims she sustained in her fall.  (Id. ¶ 16.)

### C. Brooks Range Contract

The United States attaches to the Motion excerpts of a contract between the United States' General Services Administration (the "GSA") and Defendant Brooks Range for maintenance and cleaning services at the Federal Building ("the Contract") (Gov't's Ex. 1 [13-2].)[1]  The parties agree that the Contract was in effect on February 10, 2011, the date of Plaintiff's fall. The Contract outlines Brooks Range and the GSA's respective duties for maintenance and cleaning

---

[1] Though the Government states that its exhibit is a reproduction of the relevant portions of the Contract, the exhibit does not include the Contract's signature page or indicate the Contract's effective dates.  The Court further notes that the exhibit is not accompanied by an affidavit or otherwise authenticated.  See Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); see also First Nat'l Life Ins. Co. v. Cal. Pac. Life Ins. Co., 876 F.2d 877, 881 (11th Cir. 1989).  The parties, however, agree that the Contract existed and was in force at the time of Plaintiff's fall.  Plaintiff does not question the authenticity of the Government's exhibit, and the Court accepts the exhibit as representing the relevant provisions of the Contract.

services.  Brooks Range was required to "provide all supervision, administrative and technical support, labor, subcontractors, materials, supplies, repair parts, tools and equipment (except as otherwise provided)" in the course of the "completion of all services described" in the Contract (Id. at 19.)  Brooks Range specifically was responsible for the cleaning and maintenance of floor surfaces.  The Contract provided: "Floor surfaces shall be maintained clean and free of debris or foreign matter . . . walk off mats shall be clean and free of dirt, grime, stains, and excessive buildup or crusted material."  (Id. at 52.)  Brooks Range also was "responsible for the day-to-day examination and monitoring of all work performed to ensure compliance with the contract requirements." (Id. at 66.)

    The Contract specified the appointment of Government "Quality Assurance Evaluators" to monitor Brooks Range's performance. Under the Contract, the evaluators were "responsible for periodic inspection and monitoring of [Brooks Range's] work," including by "inspecting the work to ensure compliance with the contract requirements . . . [and] following through to assure that all defects or omissions are corrected . . . ." (Id.)

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either a "facial" or "factual" attack. Morrison v. Amway Corp., 323 F.3d 920, 924–25 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction on the basis of the allegations in the complaint, and the Court takes the allegations as true in deciding whether to grant the motion. Id. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. Id. When resolving a factual attack, the Court may consider extrinsic evidence such as testimony and affidavits. Id. The United States does not state whether it is making a "facial" or "factual" attack. The parties have cited both the allegations in the Complaint and extrinsic evidence in their briefs, and the Court considers the Government's Motion for Judgment on the Pleadings to be a "factual" attack challenging the Court's subject matter jurisdiction.

### B. Analysis

Sovereign immunity "shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The United States can only be sued if it waives its sovereign immunity and consents to a court's jurisdiction. Id.

("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983))).

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for tort claims against the United States, to the same extent the Government or its employees would be liable as actors under state law. See 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). The FTCA grants federal district courts original jurisdiction over these claims. 28 U.S.C. § 1346(b)(1).

The United States asserts the FTCA does not apply in this case because Brooks Range was an independent contractor and that this independent contractor relationship preserved the United States' sovereign immunity against the claims asserted in this action. Under the FTCA, sovereign immunity is not waived for the actions or omissions of a person who contracts with the United States. See 28 U.S.C. § 1346(b); see also Tisdale v. United States, 62 F.3d 1367, 1370 (11th Cir. 1995) (holding that "the United States is not liable for the acts or omissions of the independent contractors that it employs"). Plaintiff does not contest that Brooks Ranges is a contractor, and that the Government is not vicariously liable for the

6

actions of Brooks Range under the *respondeat superior* doctrine.  Plaintiff instead alleges that the United States is liable to Plaintiff based on duties independent of those imposed on Brooks Range.

Plaintiff specifically alleges that the United States negligently failed in its duty to supervise and is thus liable for the Plaintiff's injuries.  The Government asserts that it is immune from "supervisory" liability because of the "discretionary function" exception to the FTCA's general waiver of sovereign immunity.  The "discretionary function" exception provides:

> The [FTCA] shall not apply to . . . [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  The Government argues that GSA's supervision of Brooks Range is a "discretionary function" under this provision.

The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."  United States v. Varig Airlines, 467 U.S. 797, 808 (1984).  "The discretionary function exception [thus] insulates the Government from liability if

7

the action challenged in the case involves the permissible exercise of policy judgment." Berkovitz v. United States, 486 U.S. 531, 537 (1988).  The exception is meant to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Id. (citing Varig Airlines, 467 U.S. at 814).

A two-step test determines whether the discretionary function exception applies.  See United States v. Gaubert, 499 U.S. 315, 328-33 (1991).  First, the Court determines "whether the challenged actions were discretionary, or whether they were controlled by mandatory statutes or regulations." Id. at 328.  If the action did not involve "an element of judgment or choice," the exception does not apply, because the employee "ha[d] no rightful option but to adhere to the directive." Andrews v. United States, 121 F.3d 1430, 1438 (11th Cir. 1997) (citations omitted).  If the actions involved an element of choice or discretion, in the second step the Court determines "whether that discretion is of the kind that the discretionary function exception was designed to shield." Id. (citing Gaubert, 499 U.S. at 322-23 (1991)).  One circuit has described the two-step process more simply:

> [A] court first must identify the conduct that is alleged to have caused the harm, then determine whether that conduct can fairly be described as discretionary, and if so, decide whether the exercise or non-exercise

>of the granted discretion is actually or potentially influenced by policy
>considerations.

Carroll v. United States, 661 F.3d 87, 100 (1st Cir. 2011).  If the challenged conduct is both discretionary and policy-based, there is no subject matter jurisdiction for the claim.  Id.

Plaintiff here alleges that employees of the GSA were (i) "negligent in their duties in failing to alleviate a dangerous condition, such as inherently slippery marble floors" and (ii) "negligent in [their] supervision of the maintenance and cleaning [of the floor by Brooks Range]."  (Compl. ¶¶ 25-26.)  As a result, Plaintiff claims, Defendant United States "failed to insure that the subject area of the fall was free of wet slippery surfaces that could create a slip and fall hazard" and "was negligent in failing to insure that the mat located in the area in front of the steps was secure."  (Id. ¶¶ 27-28.)[2]  In summary, Plaintiff alleges that the GSA failed to supervise Brooks Range in a manner that would have resulted in its discovery of the hazardous condition claimed, or that the GSA itself failed to identify and alleviate the hazard alleged.

---

[2] In paragraph 29 of the Complaint, Plaintiff appears to seek to assert a state law premises liability claim, but does not state in her response to the pending motion a separate ground for subject matter jurisdiction of this claim.  In seeking to avoid the Government's request that all of the claims against the United States be dismissed for lack of subject matter jurisdiction under the discretionary function exception, Plaintiff argues only that the exception does not apply.

The second step of the analysis is to determine whether political branches delegated the conduct to a government agency, or if a federal statute, rule, regulation or state regulation prescribed the action the agency (in this case, the GSA) and its employees followed.  See Gaubert, 499 U.S. at 328-33.  Put another way, does the conduct alleged by the Plaintiff involve "an element of judgment or choice," or was there some federal statute, rule, law, or regulation that gave an employee "no rightful option but to adhere to the directive[?]"  Andrews, 121 F.3d at 1438.

The courts that have considered whether the Government decision to delegate responsibility for maintenance and safety to independent contractors uniformly have held that the discretionary function exception applies to claims for injuries resulting from an alleged unsafe condition.  For example, in Andrews, 121 F.3d 1430, our circuit construed the application of the exception in a context which was similar to the one here.  In Andrews, the Plaintiff brought an action against the United States for personal injury, property damage, and expenses resulting from hazardous material disposed of by a contractor, with which the Government contracted to dispose of the alleged injury-causing material.  Plaintiff's claims against the United States were asserted under the FTCA and Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a).

The Government claimed the discretionary function exception applied and the court thus did not have subject matter jurisdiction.  The Eleventh Circuit agreed.  In doing so it applied the two-part discretionary function test stating: "The law is clear that the government may delegate its safety responsibilities to independent contractors in the absence of federal laws or policies restricting it from doing so." Id. at 1440.  In the absence of any "authority limiting the discretion of the [government] to delegate responsibility for complying with applicable [waste disposal] safety regulations," the discretionary function exception precluded the exercise of jurisdiction over the plaintiffs' claims.  Id.  The Circuit Court in Andrews found further: "Nor is the government liable for negligent failure to supervise" the independent contractor responsible for the waste disposal.  Id.  The Circuit Court held that "[t]he discretionary function exception encompasses government decisions about how and how much to supervise the safety procedures of independent contractors."  Id. (Citing Varig Airlines, 467 U.S. 797).  The Court noted the exception may be lost if the Government "retained and exercised control" over the independent contractor's efforts to assure the safety contracted to it.  Andrews, 121 F.3d at 1441.  See also Johns v. Pettibone Corp., 843 F.2d 464 (11th Cir. 1988); Kirchmann v. United States, 8 F.3d 1273, 1276 (8th Cir. 1993) ("Where no statute or regulation controls the government's monitoring of a

contractor's work, the extent of monitoring required or actually accomplished is necessarily a question of judgment, or discretion, for the government.").[3]

In Cochran v. United States, 38 F. Supp. 2d 986 (N.D. Fla. 1998), the District Court applied the discretionary function exception in a case similar to the one here.  In Cochran, the plaintiff alleged she tripped and fell over an independent contractor's resurfacing materials at a bowling alley, which was owned and operated by the Government at a military base.  Applying the two-part test, the court held the discretionary function exception applied.  Id. at 992-93.[4]  See also Varig Airlines, 467 U.S. at 819-20 (1984) (holding that the extent of government supervision is a discretionary function "of the most basic kind"); Williams v. United States, 50 F.3d 299, 310 (4th Cir. 1995) (concluding that supervision of

---

[3] The same analysis was applied in Phillips v. United States, 956 F.2d 1071 (11th Cir. 1992).  In Phillips, the plaintiffs brought a personal injury claim under the FTCA, against the Army Corps of Engineers ("Army Corps") for negligent failure to inspect the scaffolds erected by an independent contractor hired by the Army Corps to do construction work on an aircraft hangar.  The plaintiff, an employee of one of the contractors, was injured when the scaffolding collapsed.  The Eleventh Circuit held the discretionary function exception did not apply in that case because the Army Corps had mandatory safety regulations, outlined in the Army Corps' Safety Manual, with which it was required to comply and which the Army Corps did not have discretion to delegate to an independent contractor.  Id. at 1076.  See also Dickerson v. United States, 875 F.2d 1577 (11th Cir. 1989).

[4] The Government does not lose its immunity even if it retains the right to review a contractor's work.  See Carroll, 661 F.3d 87 n.19 (citing Berkman v. United States, 957 F.2d 108, 113-14 (4th Cir. 1992).

independent contractor's janitorial work "is precisely the type [of conduct] that the discretionary function exception is designed to shield") Fisko v. GSA, 395 F. Supp. 2d 57, 65 (S.D.N.Y. 2005) (noting "[i]t is well-settled that the selection and supervision of contractors is a discretionary function and cannot form the basis for liability under the FTCA.")  Zion v. United States, 913 F. Supp. 2d 379 (W.D. Ky. 2012) (holding that the GSA's supervision of contractor was covered by the discretionary function exception).[5]

The GSA exercised its discretion to carry out its responsibility for maintaining the Federal Building by contracting with Brooks Range. Courts consistently have held that the discretionary function exception applies to the GSA's supervision of maintenance contractors maintaining federal facilities.

---

[5] Plaintiff, relying on Berman v. United States, 572 F. Supp. 1486 (N.D. Ga. 1983), argues that the Government exercised discretion in hiring Brooks Range, but that government employees do not have discretion in the "operational" monitoring of the performance of contracts. Plaintiff essentially argues that the Government is liable to Plaintiff for negligently monitoring Brooks Range and the condition of the Federal Building. The Supreme Court has held that actions and decisions at the "operational" level can still involve elements of judgment or choice, if the two part Gaubert test is satisfied. See Gaubert, 499 U.S. at 331; see also Cranford v. U.S., 466 F.3d 955 (11th Cir. 2006) (recognizing that "[prior] holdings . . . turned expressly on the principle that "operational" conduct falls outside the discretionary function exception, and the Supreme Court rejected that principle in Gaubert.") (internal citations omitted).

Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's claim of negligent supervision, and the claim is required to be dismissed.[6]

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Judgment on the Pleadings [13] is **GRANTED** and Plaintiff's Action is **DISMISSED**.

**SO ORDERED** this 11th day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Even if Plaintiff claims she continued to assert a common law premises liability claim, the discretionary function exception also precludes jurisdiction over it. Hughes v. United States, 110 F.3d 765, 768-69 (11th Cir. 1997); Rosebush v. United States, 119 F.3d 438, 443 (6th Cir. 1998).